

# The Attorney General of Texas

September 26, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable W. E. Snelson
Chairman
Senate Committee on Intergovernmental
  Relations
State Capitol
Austin, Texas 78711

Opinion No. H-1247

Re: Authority of a county under the Airport Zoning Act.

Dear Senator Snelson:

You have requested our opinion regarding the authority of a county under the Airport Zoning Act, article 46e-1-13, V.T.C.S. You state that a land developer has proposed to build a residential subdivision on land near the Kingsville Naval Air Station. The Commissioners Court of Kleberg County is concerned that the Navy might be compelled to abandon its use of the air space in the vicinity of the proposed development, or to close the base entirely. You inquire as to the circumstances under which the commissioners court may exercise zoning authority over the land.

Article 46e-3 provides, in pertinent part:

> (1) In order to prevent the creation or establishment of airport hazards, every political subdivision having an airport hazard within its territorial limits may adopt, administer, and enforce, under the police power and in the manner and upon the conditions hereinafter prescribed, airport zoning regulations for such airport hazard area, which regulations may divide such area into zones, and, within such zones, specify the land uses permitted and regulate and restrict the height to which structures and trees may be erected or allowed to grow.

"Airport hazard" is defined as

> any structure or tree or use of land which obstructs the air space required for the flight of aircraft or which obstructs or interferes with the control or

tracking and/or data acquisition in the landing, taking off or flight at an airport, or at any installation or facility relating to flight, and tracking and/or data acquisition of flight craft. . . .

Article 46e-1(2). An "airport" under the statute includes any air facility "utilized by . . . the Government of the United States or any agency thereof in furtherance of the National Defense. . . ." Article 46e-1(1).

In our opinion, article 46e-3 clearly authorizes the Kleberg County Commissioners Court to adopt airport zoning regulations whenever it deems it necessary to prevent the creation of an "airport hazard" within its jurisdiction. Whether any particular use of land might constitute an airport hazard of course requires the consideration of facts which are not before us.

## S U M M A R Y

The Kleberg County Commissioners Court may exercise zoning authority over land in the vicinity of the Kingsville Naval Air Station if such regulation is necessary to prevent the establishment of an "airport hazard," as defined in the Airport Zoning Act, article 46e-1-13, V.T.C.S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn